**Ayodele AKINOLA, Plaintiff-Appellant,**

v.

**David SEVERNS, Defendant-Appellee.**

No. 14-15302

United States Court of Appeals, Ninth Circuit.

Submitted August 9, 2017 *

Filed August 15, 2017

Ayodele Akinola, Pro Se

David Robert Keene, II, Esquire, Deputy Assistant Attorney, AGNV—Office of the Nevada Attorney General (Las Vegas), Las Vegas, NV, Dominika J. Batten, Deputy Attorney General, AGNV—Office of the Nevada Attorney General (Reno), Reno, NV, for Defendant-Appellee

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**MEMORANDUM** \*\*

Ayodele Akinola appeals pro se from the district court's order dismissing certain claims in his 42 U.S.C. § 1983 action alleging race discrimination in his employment with the State of Nevada's Department of Transportation. We have jurisdiction under 28 U.S.C. § 1291.[1] We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Lacey v. Maricopa County*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc). We affirm.

The district court properly dismissed Akinola's Fourteenth Amendment equal protection claim based on a hostile work environment theory because Akinola failed to allege facts sufficient to show conduct severe or pervasive enough to alter the terms or conditions of his employment. *See Manatt v. Bank of Am., NA*, 339 F.3d 792, 798-99 (9th Cir. 2003) (setting forth elements of a hostile work environment claim).

After considering Akinola's response to the Order to Show Cause Re: Case Dismissal (Docket Entry No. 41), we decline to consider Akinola's First Amendment retaliation claim because this court already considered this claim in Case No. 15-16066. *Akinola v. Severns*, 684 Fed.Appx. 665 (9th Cir. 2017).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Akinola's motion for leave to file a late letter brief (Docket Entry No. 38) is granted. The Clerk shall file the letter brief

---

1. After considering the parties' responses to the Order to Show Cause Re: Jurisdiction (Docket Entry No. 30), we are satisfied that we have jurisdiction.

submitted by Akinola on March 1, 2017 (Docket Entry No. 36).

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.